IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL MAURICE CLARK,       )
                             )
          Petitioner,        )
                             )      1:08CR48-1
     v.                      )      1:08CR53-1
                             )      1:14CV963
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Michael Maurice Clark ("Petitioner") has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 34.)[1] After two motions for extension of time to file a response, (Docs. 36, 38), the Government has responded with a motion to dismiss Petitioner's § 2255 motion. (Doc. 40.) Petitioner has not filed a reply. The matter is now before the court for a ruling. See Rule 8, Rules Governing § 2255 Proceedings. For the following reasons, this court finds Petitioner's claims should be denied and the Petition dismissed.

---

[1] Petitioner was indicted in two criminal cases in this district with a § 2255 petition entered in both. Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:08CR53-1).

## I. BACKGROUND

Petitioner was indicted for interference with commerce by robbery, in violation of 18 U.S.C. § 1951. (See (1:08CR48-1) Indictment (Doc. 1).) Petitioner was separately indicted for bank robbery, in violation of 18 U.S.C. § 2113(a). (See Indictment (Doc. 1).) Petitioner pleaded guilty to the indictment in both cases. (Plea Agreement (Doc. 9) at 1; see also J. (Doc. 20) at 1.)

At the sentencing hearing, Petitioner was sentenced as a career offender to 160 months of imprisonment, followed by three years of supervised release. (Sentencing Hr'g Tr. (Doc. 27) at 23-25.) Petitioner appealed his sentence to the Fourth Circuit, contending that this court erred in finding that he was a career offender. United States v. Clark, 373 Fed. App'x. 365, 366 (4th Cir. 2010). Particularly, Petitioner argued "that the district court erred in finding that his prior New Jersey conviction for theft from a person was a crime of violence within the meaning of USSG § 4B1.2(a)." Id. The Fourth Circuit affirmed, finding that this court "correctly applied the Begay analysis to find that the offense is a crime of violence." Id. On October 4, 2010, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. Clark v. United States, 562 U.S. 939 (2010).

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ("Petition" (Doc. 34).) In his Petition, Petitioner raised a single claim that he is entitled to sentencing relief because one of the predicate convictions for his career offender enhancement, the New Jersey conviction for theft from a person, is no longer a crime of violence if analyzed under Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2281 (2013). (See Petition (Doc. 34) at 4.)[2]

## II. LEGAL STANDARD

### A. Limitation Period

Respondent requests dismissal on the ground that Petitioner's Petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C §§ 2244(d)(1) and 2255 have equal applicability to one

---

[2] All citations to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

another.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

    **B.**    **Equitable tolling**

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way' and prevented timely filing."  Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Likewise, a mere mistake by counsel does not serve as a ground for equitable tolling.  Holland, supra; Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269.  Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling.  Atkins v.

United States, 204 F.3d 1086 (11th Cir. 2000). Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to demonstrate diligence, the prisoner must show diligence throughout the entire post-conviction process. Coleman, 184 F.3d at 402.

III. **DISCUSSION**

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. Id.; Fed. R. App. P. 4(b). Petitioner's conviction became final for § 2255(f)(1) purposes on October 4, 2010, when the Supreme Court denied certiorari on direct appeal. Petitioner signed his § 2255 Petition as having been mailed on November 10, 2014. Only if another subsection gives Petitioner more time to file will his Petition be timely.

- 5 -

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful government action prevented him from filing his Petition. Therefore, subsection (f)(2) does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. Instead, Petitioner argues that this subsection applies because if analyzed under Descamps, the conviction for theft from a person is no longer a crime of violence and cannot be treated as a predicate conviction for his career offender enhancement. Assuming without deciding this to be true, Descamps was decided on June 13, 2013, making Petitioner's § 2255 motion nearly five months late. Petitioner's reliance upon Descamps as granting him a newly-recognized right that has been made retroactively applicable to cases on collateral review is still time-barred. Further, Petitioner does not allege that he is relying upon any such right. Accordingly, subsection (f)(3) does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claim in his Petition is based on facts that existed and were known to him. Therefore, subsection (f)(4) also does not apply.

Lastly, Petitioner advances no arguments in favor of equitable tolling and none are apparent. Thus, Petitioner's motion is untimely.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Doc. 40 1:08CR53-1; Doc. 46 1:08CR48-1) is **GRANTED,** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 34 1:08CR53-1; Doc. 40 1:08CR48-1) is **DENIED,** and that this case is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Petitioner's request for counsel (Doc. 48 1:08CR48-1) is **DENIED** for lack of good cause.

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

- 7 -

Case 1:08-cr-00053-WO   Document 42   Filed 11/18/15   Page 7 of 8

This the 18th day of November, 2015.

                                              _____
                                              United States District Judge

- 8 -

Case 1:08-cr-00053-WO   Document 42   Filed 11/18/15   Page 8 of 8